PARKERSBURG CHAIR CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 19237.   Promulgated October 26, 1928.

*Charles F. Rhodes, Esq.*, for the petitioner.
*Byron M. Coon, Esq.*, for the respondent.

ARUNDELL: Petitioner, a West Virginia corporation engaged in the manufacture and sale of chairs, brings this proceeding for the redetermination of a deficiency of $3,158.47 in income and profits taxes for the year 1920, assigning as error respondent's refusal to compute petitioner's taxes under the provisions of section 328 of the Revenue Act of 1918.

The only evidence offered by petitioner was the deficiency letter and a communication addressed to it by the respondent under date of November 1, 1923, relative to its 1917 taxes, which letter contains the following statement:

In accordance with the recommendation of the Committee on Appeals and Review, your invested capital as at January 1, 1917, has been decreased by a composite accrual of 25% of the book value of the depreciable assets as at that date, on account of insufficient depreciation written off in prior years, resulting in a deduction of $24,201.36 from your invested capital instead of $54,651.29, as previously deducted by this office.

It is petitioner's contention that the adjustment of its invested capital as of January 1, 1917, in the manner set forth in the foregoing letter, demonstrates respondent's inability to determine invested capital for 1917, and since this arbitrary adjustment is reflected in invested capital for all years thereafter, it follows that special assess-

ment should be allowable for the taxable year 1920 under the provisions of subdivision (a) of section 327 of the Revenue Act of 1918.

The evidence offered is entirely insufficient to warrant us reaching the conclusion petitioner asks.

*Judgment will be entered for the respondent.*